NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10237 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00061-HDM-WGC-2 |
| v. | |
| EDWARD SMITH, AKA Smitty, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted July 17, 2020[**]
San Francisco, California

Before: SILER,[***] LEE, and BUMATAY, Circuit Judges.

Edward Smith appeals from the district court's judgment and sentence

following his trial, where the jury convicted him on six counts pertaining to money

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

laundering and a conspiracy to distribute methamphetamine. Smith raises a sufficiency of the evidence challenge to his money laundering conviction and contests three aspects of his sentence. We affirm.

1.     With regard to his sufficiency of the evidence claim, Smith alleges that no rational jury could have convicted him of money laundering because the government failed to prove that the $1,500 transfer to his coconspirator, Andres Rodriguez, constituted proceeds of unlawful activity. Where the defendant fails to renew his motion for a judgment of acquittal after the presentation of all the evidence, his sufficiency of the evidence challenge is deemed forfeited and is reviewed for plain error. *See United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011). To sustain a conviction for money laundering under 18 U.S.C. § 1956(a)(1), the government must prove beyond a reasonable doubt that the defendant "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source, or ownership of the illegal proceeds." *United States v. Marbella*, 73 F.3d 1508, 1514 (9th Cir. 1996). Under the money laundering statute, the term "proceeds" means "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." 18 U.S.C. § 1956(c)(9).

19-10237

While Smith was not the person who executed the $1,500 wire transfer to Rodriguez, he was the person who called Rodriguez with the information needed to retrieve the money from Wells Fargo, told Rodriguez the transfer was to reimburse him for drugs he smuggled to Smith in prison, and gave Rodriguez the identity of the person transferring the money. There is sufficient evidence to support the jury's finding that Smith was the source of the money sent via wire transfer. Further, with regard to Smith's argument that the government failed to prove the wire transfer constituted proceeds from unlawful activity under § 1956, we have explained that "[i]t is permissible to infer from [evidence that the defendant was involved in a drug conspiracy], along with the lack of any evidence demonstrating a legitimate source of income, that the funds were drug proceeds." *United States v. Arteaga*, 117 F.3d 388, 390 n.2 (9th Cir. 1997). Smith was a prison inmate who did not have a legitimate source of income and was involved in a drug distribution conspiracy.

2.      Turning to Smith's sentence, he challenges two of the enhancements imposed by the district court and argues that his sentence of 235 months' imprisonment is substantively unreasonable. "We review the district court's interpretation of the sentencing guidelines *de novo,* its application of the guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error." *United States v. Zolp*, 479 F.3d 715, 718 (9th Cir. 2007).

19-10237

Smith first argues that the district court erred in applying the leader/organizer enhancement to him under USSG § 3B1.1(c) because he did not exercise control or influence over Rodriguez in the execution of the drug deals with "Javier."[1] The district court applied the two-level enhancement because it found that Smith was "certainly an organizer" with respect to the drug conspiracy. For a defendant to qualify as an "organizer" under § 3B1.1(c), there must be "evidence that [1] the defendant exercised some control over others involved in the commission of the offense or [2] was responsible for organizing others for the purpose of carrying out the crime." *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012) (citation omitted). Smith coordinated the deal, set the price, and convinced Rodriguez to sell to Javier. Therefore, the district court did not commit clear error in finding Smith to be an organizer under USSG § 3B1.1(c).

Next, Smith asserts that the district court erred in applying the USSG § 2D1.1(b)(4) enhancement to him. Under the guidelines, a two-level increase is added to the base offense level "[i]f the object of the offense was the distribution of a controlled substance in a prison, correctional facility, or detention facility." USSG § 2D1.1(b)(4). Smith asked Rodriguez to provide him with illegal narcotics for distribution while he was imprisoned. Nevertheless, Smith argues that the

---

[1] Unbeknownst to Smith and Rodriguez, Javier was a Drug Enforcement Administration informant named Roberto Contreras.

19-10237

object of his conspiracy was for Rodriguez to sell methamphetamine to Javier outside of prison. But the record confirms that the object of the conspiracy was for Smith to organize the drug deals between Rodriguez and Javier so that Rodriguez would smuggle methamphetamine to Smith in prison. The district court did not abuse its discretion in applying the § 2D1.1(b)(4) enhancement.

Finally, Smith challenges his sentence as substantively unreasonable because of the large disparity between his sentence of 235 months' imprisonment and the sentence of 156 months' imprisonment of his coconspirator Rodriguez. The district court noted that it had considered all of the 18 U.S.C. § 3553(a) factors, compared Smith's and Rodriguez's roles in the conspiracy, and discussed the potential disparity between Smith's sentence and Rodriguez's sentence. Ultimately, because of the disparity between the sentences, the district court sentenced Smith to 235 months' imprisonment—a sentence at the bottom of the guidelines range. Rodriguez's cooperation with the government and acceptance of responsibility are what created the sentencing disparity. We have held that "so long as there is no indication the defendant has been retaliated against for exercising a constitutional right," the government may offer leniency to those who enter pleas and cooperate with prosecutors. *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (citation omitted). Smith does not argue that his sentence was imposed in retaliation for exercising his constitutional rights. "The

difference in sentences, therefore, does not establish that [Smith's] sentence was substantively unreasonable." *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013). Accordingly, the district court did not abuse its discretion in imposing Smith's sentence.

**AFFIRMED**.

19-10237